16 N.J. Super. 80 (1951)
83 A.2d 826
STATE OF NEW JERSEY, PLAINTIFF,
v.
ROGERS & SHELDON, INC., DEFENDANT.
Superior Court of New Jersey, Morris County Court Law Division.
October 18, 1951.
*81 Mr. Oscar F. Laurie, Assistant County Prosecutor, Morris County, attorney for plaintiff.
Mr. John H. Grossman, attorney for defendant.
BARRETT, J.C.C.
The defendant appealed from a conviction in the Municipal Court of Parsippany-Troy Hills Township on a charge of violating R.S. 39:3-84.3. The testimony indicates that on February 14, 1951, defendant's truck and load was weighed by a state trooper. The load actually weighed 27,420 pounds and the certificate of registration for defendant's truck permitted 25,400 pounds which indicated an overload of 2,020 pounds.
The statute provides that "No arrest shall be made in cases where weight limitations provided in this section are not exceeded by more than 5 per centum." Allowing five per cent of the weight limitation of 25,400, as provided by the statute, an overload of 750 pounds still existed.
The defendant argued that the scales were or might have been inaccurate at the time the weighing took place. The testimony does not indicate that the scales were inaccurate.
The defendant argues that the five per cent allowance made by the statute was to allow an owner or operator of a truck a grace poundage, and that the owner or operator was to be allowed an additional amount of poundage over and in addition to the five per cent to provide for inaccuracy of scales or for any other purpose. As heretofore stated, the proof was not sufficient to indicate inaccuracy in the scales used, but even if it did, it is the opinion of this court that *82 the five per cent provision in the statute is to take care of such inaccuracies. If the Legislature meant to provide that the five per cent provision in the statute was to only grant a grace poundage, it is the opinion of this court that the statute would so state.
This court cannot consider whether the defendant was a flagrant or minor violator. The only question to be determined is:  Did the defendant violate the statute?
The defendant is found guilty of violating R.S. 39:3-84.3. A fine of $200 is imposed, together with the costs in the Municipal Court and the costs of this proceeding.